**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (at Cincinnati)**

*Electronically Filed*

| | | |
|---|---|---|
| **PATRICIA ADAMS** | ) | |
| **476 Harts Creek** | ) | **CASE NO.:** _____ |
| **Harts, WV 25524** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **LARRY ADAMS** | ) | |
| **476 Harts Creek** | ) | |
| **Harts, WV 25524** | ) | |
| | ) | |
| **Plaintiffs** | ) | **JUDGE** _____ |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE MEDICAL PROTECTIVE** | ) | **COMPLAINT WITH JURY** |
| **COMPANY INC.,** | ) | **DEMAND ENDORSED HEREON** |
| **an Indiana corporation,** | ) | |
| **5814 Reed Road** | ) | |
| **Fort Wayne, IN 46835** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **MEDPRO GROUP, INC.,** | ) | |
| **f/k/a Medical Protective Corporation,** | ) | |
| **an Indiana corporation,** | ) | |
| **5814 Reed Road** | ) | |
| **Fort Wayne, IN 46835** | ) | |
| | ) | |
| **Defendants** | ) | |

Plaintiffs Patricia and Larry Adams (together, the "Plaintiffs"), by and through counsel, and for their *Complaint with Jury Demand Endorsed Hereon* (the "Complaint") against Defendants The Medical Protective Company, Inc. and MedPro Group Inc., f/k/a Medical Protective Corporation (together, the "Defendants" or "MedPro"), state and allege as follows:

INTRODUCTION

This is the same type of action filed in *Setters*.

## PARTIES

1. Each Plaintiff is a natural individual who is a citizen of the United States and of the State of West Virginia.

2. Defendant The Medical Protective Company, Inc. is an Indiana corporation with its principal place of business located at Fort Wayne, Indiana, and at all relevant times was engaged in the business of insurance in Ohio and insured professional medical liability risks in Ohio.

3. Defendant MedPro Group, Inc. is an Indiana corporation with its principal place of business located at Fort Wayne, Indiana and, upon information, at all relevant times was engaged in the business of insurance in Kentucky and insured professional medical liability risks in Ohio.  This entity was originally known as Medical Protective Corporation, an Indiana corporation with its principal place of business located at Fort Wayne, Indiana.  Upon information and belief, in approximately September 2015, Medical Protective Corporation changed its name to MedPro Group, Inc.

## JURISDICTION AND VENUE

4. There is complete diversity of citizenship between each Plaintiff and each Defendant, and the amount in controversy between each Plaintiff and each Defendant exceeds the sum of $75,000.00, exclusive of interest and costs.  Consequently, this Court has subject matter jurisdiction over each Plaintiff's claim and cause of action against each Defendant pursuant to the federal diversity of citizenship statute, 28 U.S.C. §1332(a).

5. This Court has *in personam* jurisdiction over each Defendant.

2

6. Venue is proper in this District pursuant to 28 U.S.C. §1391 because it is the District in which a substantial part of the events or omissions giving rise to the claim and cause of action asserted herein occurred.

## FACTS

7. At all pertinent times, Abubakar Atiq Durrani, M.D. ("Durrani") was licensed to practice the profession of medicine in the State of Ohio, and did practice medicine in Ohio.  He is currently in Pakistan with an active warrant for his arrest issued by Judge Michael Barrett, U.S. District Court, S. Ohio.

8. At all relevant times, Medical Protective provided medical malpractice insurance coverage (defense and indemnification) to both Durrani and his surgical practice group, Center for Advanced Spine Technologies, Inc. ("CAST"), under various policies of liability insurance issued by Medical Protective to Durrani and CAST.

9. Plaintiffs were married at all pertinent times.

10. Durrani treated Plaintiff Patricia Adams and negligently performed spine surgeries on her during November 2010 and April 2013.

11. As a result of those botched surgeries and the severe injuries which followed, Plaintiffs filed a medical malpractice action against Durrani and CAST in the Hamilton County, Ohio Court of Common Pleas.  Plaintiff Patricia asserted claims against Durrani of negligence, battery, lack of informed consent, intentional infliction of emotional distress, fraud, and spoilation of evidence.  She asserted claims against CAST of vicarious liability, negligent hiring, retention and/or supervision, spoilation of evidence, fraud and violation of the Ohio Consumer Sales Protection Act.  Plaintiff Larry Adams asserted loss of consortium claims against both Defendants.

12. Plaintiffs proceeded to a jury trial on some of the claims asserted against Durrani and CAST. Following approximately two weeks of testimony, the jury returned a verdict in favor of Plaintiffs, finding Durrani and CAST liable for negligence, lack of informed consent and battery.  The jury awarded Plaintiffs $116,533 for past medical expenses, $134,350 for past pain and suffering, $548,150 for future pain and suffering, $57,579 for past loss of enjoyment of life and $234,921 for future loss of enjoyment of life.

13. Defendant responded to Plaintiffs' pre-trial settlement demand offering nothing. Plaintiffs are also Plaintiffs in the case *Adams, et al. v. Medical Protective Ins. Co.,* 1:20cv0170-MRB, S. Dist. Ohio, which alleges bad faith and unfair settlement practices against Defendant.

14. Durrani and CAST appealed from the *Final Order* to the Court of Appeals of Ohio for the First Appellate District.  The First District affirmed three of the four assignments of error proffered by Durrani and CAST by its decision of *Setters v. Durrani,* 2020-Ohio-6859, 164 N.E.3d 1159 (1st Dist.).  The First District remanded the case to the trial court "for the sole purpose of recalculating damages" based on an offset due to a settlement with West Chester Hospital which was agreed to prior to the trial.  *Id.,* ¶70.

15. During the appellate process Defendant did not budge from its original refusal to settle.

16. The trial court entered its *Judgment Entry on Remand* that set the damages ordered paid by Durrani to Plaintiffs, to a new total of $685,811.39, applying the offset.

17. Durrani and CAST sought review of the First District's Opinion by the Ohio Supreme Court.  On May 23, 2022, the Ohio Supreme Court declined to accept Defendants' appeal for review.  *Setters v. Durrani,* 162 Ohio St.3d 1439, 166 N.E.3d 1261 (Table), 2021-Ohio-1399.  The Entry from the Supreme Court declining Jurisdiction was entered on the

4

trial court's docket on May 23, 2022. *Adams, et al. v. Durrani, et al.*, A1506958, Hamilton County Court of Common Pleas.

18. The trial court's *Judgment Entry on Remand* has been final and non-appealable since May 23, 2022.   Durrani and CAST are jointly and severally liable to Plaintiffs in the aggregate principal sum of $685,811.39, plus pre-judgment and post-judgment interest thereon.

19. In 2022, Glenn Feagan sent a letter to counsel for Medical Protective demanding $685,811.39.  It has been ignored.

20. Plaintiffs have satisfied all conditions precedent to collect all sums due under the *Judgment Entry on Remand* from Durrani and CAST.

21. Plaintiffs demanded that Defendants, as Durrani and CAST's medical malpractice insurers, satisfy all sums due to them under the *Judgment Entry on Remand,* pursuant to R.C. 3929.06.  Defendants have not paid to Plaintiffs all sums due to them under the *Judgment Entry on Remand* within the prescribed time period in violation of R.C. 3929.06(A)(2) or at all.

22. In Medical Protective's Dec action, Judge Black ruled Med Pro would have to prove "lack of cooperation" would have made a difference in defending each case and pointed out Durrani won four straight trials in Butler not cooperating.

23. After Judge Black's ruling, in February and March 2018, Durrani sat for two long depositions which were noticed in EVERY case, including *Adams*.  Plaintiffs' counsel asked Durrani all the questions they wanted for every case.  Durrani's counsel chose not to ask a single question.

24. At these two depositions, Durrani then "blew the whistle" on Med Pro.  He stated he always wanted to give a deposition and defend all the claims.

25. At the conclusion of the *Adams* trial, Durrani's lawyers waived their rights under the Black decision by not asking the trial court to have that jury decide whether any alleged lack cooperation would have made a difference.  They failed to do so in every trial they lost.

26. The bottom line is the deposition of 2018 made the cooperation issue moot and Durrani's counsel, paid for by Med Pro, waived the issue after the trial.

27. No other Court and no other jury could decide the Judge Black question even if it was still relevant, except for the *Adams* trial jury.  They were never asked to decide it.

## CAUSE OF ACTION

28. Plaintiffs incorporate herein by reference all the preceding numbered paragraphs of their Complaint, the same as if repeated verbatim.

29. R.C. 3929.06(A) and (B) provide as follows:

(A)(1) If a court in a civil action enters a final judgment that awards damages to a plaintiff for injury, death, or loss to the person or property of the plaintiff or another person for whom the plaintiff is a legal representative and if, at the time that the cause of action accrued against the judgment debtor, the judgment debtor was insured against liability for that injury, death, or loss, the plaintiff or the plaintiff's successor in interest is entitled as judgment creditor to have an amount up to the remaining limit of liability coverage provided in the judgment debtor's policy of liability insurance applied to the satisfaction of the final judgment.

(2) If, within thirty days after the entry of the final judgment referred to in division (A)(1) of this section, the insurer that issued the policy of liability insurance has not paid the judgment creditor an amount equal to the remaining limit of liability coverage provided in that policy, the judgment creditor may file in the court that entered the final judgment a supplemental complaint against the insurer seeking the entry of a judgment ordering the insurer to pay the judgment creditor the requisite amount. Subject to division (C) of this section, the civil action based on the supplemental complaint shall proceed against the insurer in the same manner as the original civil action against the judgment debtor.

(B) Division (A)(2) of this section does not authorize the commencement of a civil action against an insurer until a court enters the final judgment described in division (A)(1) of this section in the distinct civil action for damages between the plaintiff and an insured tortfeasor and until the expiration of the thirty-day period referred to in division (A)(2) of this section.

30. The trial court entered a final judgment that awarded damages to Plaintiffs for injuries and losses that the jury found were suffered by Plaintiffs and caused by Durrani and CAST.  Durrani and CAST, the judgment debtors, were insured by the Defendants against liability for those injuries and losses.  Pursuant to R.C. §3929.06 (A)(1), Plaintiffs are entitled to collect the judgment from the Defendants pursuant to the Defendants' policies of liability that provided coverage to Durrani and CAST and the Defendants must satisfy the judgment.

31. **Not surprisingly and consistent with its other acts of bad faith**, Defendants have failed to satisfy the judgment within 30 days of its entry, as required by the policies of liability insurance issued by Defendants to Durrani and CAST, in violation of R.C. 3929.06(A)(1) and (2).

32. Defendants have legally waived any defenses otherwise provided under R.C. §3929.06 (C) or under Ohio common law.

33. Pursuant to R.C. 3929.06, Plaintiffs are entitled to entry of judgment against Defendants, jointly and severally, in the principal amount of $685,811.39, plus interest and all other sums due.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Patricia and Larry Adams demand that a final judgment be entered in their favor against Defendants The Medical Protective Company, Inc. and MedPro Group, Inc., jointly and severally, in the principal amount of $685,811.39, plus pre-judgment and

7

post-judgment interest thereon, their legal fees, costs, expenses, trial by jury on all issues so triable, and any other and further relief, whether legal or equitable, to which Plaintiffs may appear entitled.

## <u>JURY TRIAL DEMAND</u>

Plaintiffs Patricia and Larry Adams demand trial by jury on all issues so triable.

Respectfully submitted,

<u>/s/ Alan Statman</u>
Alan Statman (#12045)
Statman Harris, LLC
35 E. 7th Street, Suite 315
Cincinnati, Ohio 45202
Tel: 513 621-2666
Fax: 513 621-4896
mailto:sderrien@statmanharris.com
ajstatman@statmanharris.com
*Attorneys for Plaintiffs Patricia and Larry Adams*